**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

SEP 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

RANDY WIGGINS,

Plaintiff-Appellant,

v.

UNITED STATES GOVERNMENT,

Defendant-Appellee.

No. 20-55994

D.C. No. 2:16-cv-08309-PSG-FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Philip S. Gutierrez, District Judge, Presiding

Submitted September 14, 2021[**]

Before:    PAEZ, NGUYEN, and OWENS, Circuit Judges.

Randy Wiggins appeals pro se from the district court's judgment dismissing

his action brought under the Federal Tort Claims Act ("FTCA"). We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of

subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Serra*

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010). We affirm.

The district court properly dismissed Wiggins's action for lack of subject matter jurisdiction because Wiggins failed to exhaust his administrative remedies prior to bringing suit. *See* 28 U.S.C. § 2675(a) (setting forth the FTCA's administrative exhaustion requirement); *McNeil v. United States*, 508 U.S. 106, 113 (1993) (the FTCA bars a claimant from bringing suit in federal court unless the claimant has first exhausted administrative remedies).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions are denied.

**AFFIRMED.**